**Dated: September 18, 2017**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 16-14638-JDL |
| Gregory L. Cobbs, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Amie Tuyet Vo King | ) | |
| Amie Tuyet Vo King Living Trust, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ADV. NO. 17-1013-JDL |
| | ) | |
| Gregory L. Cobbs, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER GRANTING SUMMARY JUDGMENT
DETERMINING DEBT DISCHARGEABLE**

**I. Introduction**

In this adversary proceeding, Plaintiffs, Amie Tuyet Vo King and the Amie Tuyet Vo

King Living Trust, seek a determination that their claim against their home builder/Debtor,

based upon his failure to pay lien claimants in violation of the Oklahoma Construction Trust Fund Statutes, 42 O.S. §§152 and 153, constitutes a defalcation in a fiduciary capacity excepted from discharge under 11 U.S.C. § 523(a)(4)[1].  Before the Court is the Defendant's *Corrected Motion for Summary Judgment ("Motion")* filed August 2, 2017 asserting that the debt owed to the Plaintiffs is dischargeable [Doc. 22].  Plaintiffs have not responded to Defendant's *Motion* as required by Fed. R. Bankr. P. 7056 and Local Rule 7056-1-C.

Although the Local Rules provide that a party's failure to respond to a motion for summary judgment is deemed consent to the court granting the motion, the Court nonetheless has ruled substantively on such motions and generally does not grant dispositive motions on procedural default alone.  Thus, notwithstanding a non-responding party's "consent", the Court cannot grant a motion for summary judgment based solely on Defendants' failure to respond and must consider the merits of the motion.  *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003); *Reed v. Nellcor Puritan Bennett,* 312 F.3d 1190, 1194-95 (10th Cir. 2002) (holding that a district court cannot grant an unopposed motion for summary judgment unless the moving party has first met its burden of production demonstrating it is legally entitled to judgment under Rule 56).  The Court will therefore require the Defendant to meet summary judgment standards notwithstanding Plaintiffs' failure to come forward with any evidence and argument in opposition to the *Motion*.  The following constitutes the Court's findings of fact and conclusions of law

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

pursuant to Fed. R. Bankr. P. 7052.[2]

## II. Jurisdiction

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of reference entered in this District pursuant to LCvR 81.4. This is a core proceeding to determine the dischargeability of a debt pursuant to 28 U.S.C. § 157(b)(2)(I).

## III. Facts

The material facts are not in dispute and reveal the following:

1. Plaintiff Amie Tuyet Vo Living Trust entered into a Real Estate Purchase and Construction Contract with G. L. Cobbs & Co., LLC, a limited liability company of which Debtor was the sole member, to construct a home at 5201 N.W. 117th Terrace, Oklahoma City, Oklahoma, for the amount of $346,000. [*Affidavit* of *Gregory Cobbs*, Doc. 22, Ex. A; *Real Estate Purchase and Construction Contract*, Doc. 12, pg. 9].

2. Plaintiffs paid G. L. Cobbs & Co., LLC, the sum of $118,786.00 toward the purchase price and construction of the home, but the home was never completed. [First Amended Complaint to Determine Dischargeability, Doc. 2 ¶ 1; Doc. 2-1, Exhibit A; Answer ¶ 1; Doc. 4].

3. While the home was never completed, there was only one Mechanic and Materialman's Lien in the amount of $6,272.00 filed in the Office of the County Clerk of Oklahoma County on July 28, 2015, against the property by L&S Plumbing Partnership,

---

[2]All future references to "Bankruptcy Rule" or "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure, unless otherwise indicated.

Ltd. [Lien Statement and Affidavit , Doc. 22, pg. 7]. No other liens were filed against the property. [Affidavit of Gregory Cobbs, Doc. 22, pg. 6]. L&S Plumbing Partnership Ltd. did not attempt to foreclose its mechanic's and materialman's lien.

### IV. Summary Judgment Standards

It is appropriate to grant a motion for summary judgment when the pleadings and other materials in the record, together with supporting affidavits, if any, demonstrate that there is no genuine dispute with respect to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c), made applicable to this adversary proceeding by Rule 7056. "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact". *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986). Courts must review the evidentiary material submitted in support of the motion for summary judgment to ensure that the motion is supported by evidence. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden, then summary judgment must be denied. Hearsay evidence cannot be considered on a motion for summary judgment. *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994).

When considering a motion for summary judgment, the court views the record in the light most favorable to the party opposing summary judgment. See, *Deepwater Investments, Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir. 1991) (the court "must view the record in a light most favorable to the parties opposing the motion for summary judgment"); *Harris v. Beneficial Oklahoma, Inc. (In re Harris)*, 209 B.R. 990, 995

(10th Cir. BAP 1997). Denial of summary judgment requires existence of genuine material issues that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party". *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505 (1986). No genuine issue of fact exists if a rational fact finder, when viewing the record as a whole, could not find for the party opposing the summary judgment. See *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348 (1986) ("where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial"). "[T]he non-moving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof". *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993).

### V. Discussion

The Defendant's *Motion* seeks a determination that the debt owed to the Plaintiffs is dischargeable asserting there is no genuine issue as to any material fact [Doc 22]. Although not responding to the *Motion,* the pleading by which the Plaintiffs are asserting their claims is entitled "*First Amended Complaint to Determine Dischargeability Under* **11 U.S.C. §§ 523(a)(4)**" (emphasis added) [Doc. 2]. That section renders non-dischargeable a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . .." While Plaintiffs make one brief reference to § 523(a)(2) in their First Amended Complaint, it is clear that their argument and the legal authorities on which they rely pertain only to their § 523(a)(4) claim. Specifically, Plaintiffs allege that the Debtor was a fiduciary for the funds placed in his care; he was to devote the payment of those funds

5

exclusively to the construction of the home; he failed to hold the fiduciary funds for the exclusive purpose of paying lienable claims for the construction of the home; and the Debtor failed to make an accounting of the funds which he received.

In the First Amended Complaint reference is made to the Oklahoma "construction trust fund statute", 12 O.S. § 152, which establishes the fiduciary duty relationship between a building contractor, on the one hand, and the homeowner or subcontractor, on the other hand, for nondischargeability purposes under § 523(a)(4). In fact, the word "fraud" or "misrepresentation", the basis of nondischargeability under § 523(a)(2,) is not even found in the First Amended Complaint. Thus, Plaintiffs have not stated a claim for fraud under § 523(a)(2), either abandoned their § 523(a)(2) claim, or at the very least have failed to support it. Accordingly, a § 523(a)(2) claim will not be further considered in this opinion.[3]

Plaintiffs contend that the Debtor was a fiduciary of the funds paid to him to be used exclusively to the construction of the home and exclusively for the purpose of paying lienable claims related to that construction. It is well established that a fiduciary relationship is created within the meaning of § 523(a)(4) by virtue of the Oklahoma construction funds trust statutes which impose a fiduciary duty on the contractor to pay lienable claims of subcontractors or materialmen.[4] *Discount Home Center v. Turner (In*

---

[3] The conclusion that the Plaintiffs were not pursuing a § 523(a)(2) fraud claim in their First Amended Complaint is buttressed by the fact they sought leave of court to file a further amended Complaint which would have added § 523(a)(2) fraud and § 523(a)(6) conversion claims. The Court denied the Plaintiff's Motion for Leave to Amend for failure to prosecute [Doc. 15].

[4] 42 Okla. Stat. §152 providing:
> The amount payable under any building or remodeling contract shall, upon receipt by any contractor or subcontractor, be held as trust funds for the payment of all lienable claims due and owing or to become due and owing by such contractors or subcontractors

*re Turner),* 134 B.R. 646 (Bankr. N.D. Okla. 1991); *Carey Lumber Co. v. Bell*, 615 F.2d 370 (5th Cir. 1980); *In re Harris*, 2002 OK 35, 49 P.3d 710; *Duncan v. Neal (In re Neal)*, 324 B.R. 365 (Bankr. W.D. Okla. 2005) *aff'd* 342 B.R. 384 (10th Cir. BAP 2006).

It is equally well established that the construction trust fund statutes do not impose a duty to account for the disposition of all funds entrusted to the contractor, but only impose a duty to pay lienable claims with such funds. As stated by Judge Weaver in *Neal*, 324 B.R. at 373:

> In summary, it is this Court's conclusion that the Oklahoma construction fund statutes do not impose a fiduciary duty on a contractor to account (i.e., explain the disposition of) to a homeowner for all construction funds paid to him. Rather, the contractor's fiduciary duty, as prescribed by the statute that created the trust, is to pay lienable claims. A contractor who fails to pay suppliers of labor or materials is not guilty of a breach of a fiduciary duty to the homeowner unless the unpaid laborers file timely liens which are not satisfied by the contractor.

*Neal* defined "lienable claim" as "a claim that is capable of becoming a lien on the building or improvement being constructed." 324 B.R. at 372.

In the present case, it is not disputed that the only lien filed against the property was that of L&S Plumbing Partnership, Ltd. filed on July 28, 2015, in the amount of $6,272. The time for filing liens (90 days from the date of the last services or material provided) has long since expired. Thus, it is only the $6,272 which is potentially non-dischargeable under

---

by reason of such building or remodeling contract.

Section 153 providing:
   The trust funds created under Section 152 of this title shall be applied to the payment of said valid lienable claims and no portion thereof shall be used for any other purpose until all lienable claims due and owing or to become due and owing shall have been paid.

§ 523(a)(4).

There are, however, at least two questions presented as to the Debtor's non-dischargeability liability for that amount. First, Oklahoma law requires that proceedings to foreclose a mechanic's or materialman's lien must be commenced within one year from the date of the filing. 42 O.S. §172.[5] L&S Plumbing Partnership Ltd. has never filed suit for the foreclosure of its lien, and its lien is now unenforceable. Therefore, is an unenforceable, time-barred lien a "lienable claim" which is nondischargeable?

Second, the property upon which the home was being constructed was never conveyed to the Plaintiffs and remains titled in the name of Debtor's limited liability company. Thus, Plaintiffs are not liable either *in personam* or *in rem* for the $6,272. Consequently, should a debt owed a subcontractor/lienholder be nondischargeable as to a homeowner where the right to enforce the lien has expired and the homeowner has no *in personam* liability? In other words, can there be a finding of non-dischargeability where the homeowner has not sustained any damages as a result of the contractor's nonpayment of a lienable claim. The question appears to be one of first impression in this Court.

Oklahoma bankruptcy courts have been faced with a somewhat related issue as to whether the perfection of a mechanic's lien was required for the construction trust fund statutes to be invoked. In *In re Tefertiller*, 1989 OK 60 , 772 P.2d 396, 398, the Oklahoma bankruptcy court certified a question to the Oklahoma Supreme Court asking it to interpret

---

[5] 42 O.S. 172 providing in relevant part:
> Any lien provided for by this chapter may be enforced by civil action in the district court of the county in which the land is situated, and such action shall be brought within one (1) year from the time of the filing of said lien with the county clerk * * *.

the meaning of "lienable claims" in Oklahoma's trust fund statutes. The Oklahoma Supreme Court determined that "lienable claims" meant that the lien must be perfected before a claimant could access trust funds. See also, *Carey Lumber Co. v. Weaver*, 41 B.R. 649 (Bankr. W.D. Okla.1984) (a materialmen who failed to properly perfect the lien is not a beneficiary of the statutory trust created under §§152 and 153).

Subsequent Oklahoma bankruptcy courts, however, have limited *Tefertiller* to hold that the fiduciary duty of a trustee-contractor is not eliminated by the failure of the beneficiary-subcontractor to perfect a lien. See *In re Manley,* 135 B.R. 137, 141 (Bankr. N.D. Okla.1992) (citing *In re Turner,* 134 B.R. 646, 656-57 (Bankr. N.D. Okla. 1991)) (noting that "[w]hether the liens ultimately proved enforceable or not is beside the point: trust funds were still received, they were still misapplied, and such misapplication still caused damage").  Thus, the *Turner* court concluded that if the creditor's lien claims fail, pursuit of a lien remedy need not take away the creditor's alternative resort to the trust fund remedy. *Id*.

*Manley* and *Turner* are clearly distinguishable from the present case.  In both of those cases the subcontractor had obviously suffered damage by not getting paid by the contractor and had the alternatives of foreclosing his lien or an *in personam* action in contract or under the trust fund statutes.  In the present case, the Plaintiffs did not sustain any damage or expose themselves to potential liability by virtue of the Debtor's non-payment of the subcontractor, i.e. they didn't own the land upon which the lien had been filed (and was no longer enforceable) and had no privity of contract with the subcontractor.[6]

---

[6] This is not to say that the Plaintiffs did not suffer any damage as a result of their transaction with the Debtor and his limited liability company. They clearly did. They paid the

In short, the Plaintiff's were not subject to any claim, let alone a "lienable claim" required by the construction trust fund statutes. Therefore, the Court finds that Plaintiffs are not entitled to recover the $6,276 for the materialman's lien filed by L&S Plumbing Partnership Ltd.

## VI. Decision

The Court finds, and it is **Ordered** that the Debtor's *Motion for Summary Judgment* should be **Granted**, and the debt owed by Debtor, Gregory L Cobbs, to Plaintiffs Amie Tuyet Vo King and The Amie Tuyet Living Trust is dischargeable.

Pursuant to Fed. R. Bankr. P. 9021 a separate judgment will be entered contemporaneously with and in accordance with this *Opinion and Order*.

# # #

---

Debtor approximately $118,900.00 (and possibly paying some lien claimants directly) for a house that was never built on land that was never conveyed to them.  All the Court holds is that the damages which they may have suffered were not within the scope of the exception for discharge under § 523(a)(4).

10